COUNTY OF OAKLAND v. CITY OF SOUTHFIELD.

1. MUNICIPAL CORPORATIONS—ATTEMPTS TO INCORPORATE HOME-RULE CITY—TOWNSHIP'S LIABILITY FOR COSTS.

Township from which new city was unsuccessfully attempted to be incorporated is liable to county for costs incurred by latter in conducting such attempts by reason of the fact that the township board is the only local legislative body and pertinent statute, the home-rule city act, specifies that the elections "shall be paid for by the locality where held" (CL 1948, § 117.26).

2. SAME—ATTEMPTS TO INCORPORATE HOME-RULE CITY—DIVISION OF COSTS.

Township and home-rule city finally incorporated from territory are together liable for costs of elections incurred by county as result of previous unsuccessful attempts as per stipulated agreement as to division of costs, once it is determined township was originally liable (CL 1948, § 117.26).

3. COSTS—ATTEMPTS TO INCORPORATE HOME-RULE CITY.

No costs are allowed in action by county against township and home-rule city for costs incurred in conducting unsuccessful proceedings to incorporate home-rule city from township territory (CL 1948, § 117.26).

Appeal from Oakland; Beer (William J.), J. Submitted June 8, 1961. (Docket No. 27, Calendar No. 48,780.) Decided September 21, 1961.

Action by County of Oakland, a Michigan constitutional corporation, against City of Southfield and Township of Southfield for reimbursement of sums

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 37 Am Jur, Municipal Corporations § 102 et seq.
[3] 14 Am Jur, Costs § 36.

expended in prior elections failing to effect incorporation. Judgment for plaintiff. Defendants appeal. Affirmed.

*Norman R. Barnard,* Corporation Counsel, *Charles A. Davis* and *Robert P. Allen,* Assistant Corporation Counsel, for plaintiff.

*James C. Allen,* for defendant City of Southfield.

*Thomas J. Dillon, Jr.,* for defendant Township of Southfield.

The plaintiff county, relying particularly on section 26 of the home-rule act,* sued to compel reimbursement by the defendant city and the defendant township for expenditures made pursuant to statute in the course of abortive attempts to incorporate portions of the defendant township. Plaintiff had judgment as shown below. Defendants appeal.

The case comes here on an agreed statement of facts presenting the agreed question of statutory construction. They follow.

## A. Facts

"The township of Southfield is a Michigan constitutional corporation, lying within the county of Oakland. The county of Oakland is also a Michigan constitutional corporation.

"On May 15, 1953, a petition for incorporation of a city to be named city of Southfield Park, was filed with the Oakland county clerk under the provisions of PA 1909, No 279, as amended, commonly known

---

* "Sec. 26. All elections held hereunder shall be paid for by the locality where held, and except as now otherwise provided by law or ordinance shall receive such publication and notice as the legislative body may determine, and shall be arranged for, held and conducted by the same officers and in the same manner as near as may be as general biennial fall elections." CL 1948, § 117.26 (Stat Ann 1949 Rev § 5.2105).

as the home-rule act. Following a long continued practice, although not required by said act, the county of Oakland required the petitioners to deposit $500 with the county for the costs of incorporation proceedings. The proposed city was to consist of an area bounded by Nine Mile road on the north, Eight Mile road on the south, Greenfield road on the east and Inkster road on the west.

"On June 7, 1954, a majority of the electorate, the electorate being only those people residing within said area and not all of the residents of the township, voted against the proposed incorporation. The county of Oakland expended $756.27 for canvassing, publication, and ballots for that election and that no portion of the $500 deposit was applied to those expenses or refunded.

"On March 9, 1955, a petition was filed for the incorporation of a city to be named city of Southfield and the petitioners were required (according to the county practice mentioned before) to deposit $500 with the county of Oakland. The proposed city, different in boundaries from the previous one, was to consist of an area to include all of the township of Southfield with the exception of the area of the village of Franklin, village of Bingham Farms and the city of Lathrup Village. The proceedings are indicated in the records of the county of Oakland as the city of Southfield No. 3.

"On June 7, 1955, a majority of the electorate voted for the proposed incorporation. On December 12, 1955, a majority of the electorate voted against the proposed charter of the city of Southfield No. 3. On December 3, 1956, the majority of the electorate voted against the second proposed charter for the city of Southfield No. 3. On June 7, 1957, the area of the city of Southfield No. 3 reverted to its status existing prior to the filing of the petition for incorporation in accordance with section 16 of the home-rule act (CLS 1956, § 117.16 [Stat Ann 1959 Cum Supp § 5.2095]).

"It appears that the county of Oakland expended $26,485 for canvassing, publication, ballots, and other charges on the proposed incorporation and the elections on the proposed charters and that no portion of the $500 deposit was applied to those expenses or refunded.

"On December 19, 1956, a petition was filed for the incorporation of a city to be named city of Southfield, to consist of an area to include all of Southfield township with the exception of the area in the village of Franklin, village of Bingham Farms, city of Lathrup Village and the area of the village of Beverly Hills, and on April 21, 1958, the city of Southfield, one of the defendants herein, came into legal existence. The city of Southfield paid the county of Oakland the costs of said incorporation proceedings in accordance with section 15 of the home-rule act (CLS 1956, § 117.15 [Stat Ann 1959 Cum Supp § 5.2094]) which provides in part 'if the proposed city shall be incorporated as herein provided, the county shall be reimbursed by the city at the time the charter is filed.'

"The city of Southfield was made a defendant in this cause only by virtue of section 14 of the home-rule act (CLS 1956, § 117.14 [Stat Ann 1959 Cum Supp § 5.2093]) which reads in part as follows:

" 'Whenever a new city shall be incorporated, the personal property of the township from which it is taken shall be divided and its liabilities assumed between such city and the portion of the township remaining after such incorporation.'

"Any liability of the city of Southfield derives from a determination that the township is liable.

"The city of Southfield and the township of Southfield have agreed that the assets and liabilities of the township would be divided on the basis of 74.8% to the city and 25.2% to the township. The circuit court applied this percentage in the judgment rendered. After giving credit for each $500 deposited by the petitioners in each incorporation attempt, he applied the percentage against the $26,241.27 re-

maining and arrived at judgment against the city of Southfield in the sum of $19,876.47 and the township of Southfield in the sum of $6,364.80, without costs."

## B. AGREED QUESTION

"Does the home-rule act hold a township liable to pay a county an amount of money equal to the amount expended by the county for the costs of attempts to incorporate portions of said township?"

BLACK, J. *(after presentation of the facts).* We agree with counsel for plaintiff that the stated question should be answered in the affirmative. Within the meaning of one-sentence section 26, all of these elections were held "hereunder." This leaves doubt only with respect to the meant scope of that employed word "locality." Such doubt must be resolved by examination of the section from its 4 corners, and by attributing to the legislature the intent of linking "the legislative body" with "the locality where held" so that one shall determine identity of the other. The section may be made operable only by holding that there can be but one legislative body for "the locality where held" and by concluding that this township, having the only legislative body the judicial gaze may reasonably and pertinently distinguish, is the "locality" which by section 26 became obligated to plaintiff.

The defendant township was originally liable as held below. The defendant city and the defendant township are liable together per quoted agreement of the parties. This calls for affirmance. It is so ordered. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.